Michael J. Mitchell, P.C.
Attorneys for Plaintiff
PCL (SHIPPING) PTE LTD.
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:  (646) 328-0120
Facsimile:  (646) 328-0121
Michael J. Mitchell (MM9005)
MIMOMA@RCN.COM

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/2009
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PCL (SHIPPING) PTE LTD.,

               Plaintiff,

   -against-

DREYMOOR FERTILIZERS OVERSEAS PTE LTD.,

              Defendant.

-------------------------------------------------------------X

09-CV 00205 (AKH)

**ORDER ADJUSTING
SECURITY AND
UNSEALING CASE**

ALVIN K. HELLERSTEIN, U.S.D.J.:

    WHEREAS on January 9, 2009, Plaintiff PCL (Shipping) Pte Ltd. filed a Verified Complaint herein for damages amounting to $346,270.30 inclusive of interest, costs, and attorneys' and arbitrators' fees, and praying for the issuance of an Ex Parte Order for Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and

    WHEREAS the attorney for Plaintiff has filed a Supporting Affidavit describing the efforts made by and on behalf of Plaintiff to find and serve Defendant within the District; and

    WHEREAS the Court reviewed the Verified Complaint and the Supporting Affidavit, and the conditions set forth in Supplemental Admiralty Rule B appeared to exist; and

WHEREAS the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of Defendant's property within the Southern District of New York; and

WHEREAS, on January 12, 2009, the Court issued an Ex Parte Order for Process of Maritime Attachment and Garnishment and Order Sealing the Case; and

WHEREAS, Plaintiff had served the Ex Parte Order on several banks and had been notified by the garnishee banks that funds in the full amount of the Writ had been identified and restrained; and

WHEREAS, on January 29, 2009, Plaintiff promptly notified Defendant of the restraint of Defendant's funds, in accordance with Local Rule B.2; and

WHEREAS, on January 30, 2009, Defendant advised Plaintiff that a portion of the disputed amounts for which security was sought had been paid; and

WHEREAS, on January 31, 2009, Plaintiff requested the garnishee banks to release funds attached in surplus of the amended claim and to restrain funds totaling $110,182.00; and

WHEREAS, on February 4, 2009, Plaintiff filed a Supplemental Verified Complaint reflecting a reduction in damages to $110,182.00, inclusive of interest, costs, and attorney and arbitration fees, and praying for issuance of an Order for Adjustment of Security and Unsealing the Case; and

WHEREAS, the Court has reviewed the Supplemental Verified Complaint and the conditions set forth in Supplemental Admiralty Rule B appear to exist; it is hereby

ORDERED that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by, or being held for Defendant by any garnishees within this District in the maximum amount of $110,182.00, pursuant to Supplemental Admiralty Rule B; and it is further

ORDERED that any person claiming interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to an adversary hearing within three court days, subject to this Court's modification; and it is further

ORDERED that Plaintiff shall give prompt notice to Defendant of the filing of the Supplemental Verified Complaint and the Order Adjusting of Security. Such notice shall be in writing, and may be given outside of the District by telefax, telegram, cable, fax, or other verifiable electronic means; and it is further

ORDERED that the Writ of Maritime Attachment and Garnishment previously authorized herein shall remain in effect for an initial period of ninety (90) days, subject to a reduction in quantum to $110,182.00. Prior to its expiration, Plaintiff may request renewal upon showing of sufficient reason to maintain this order in place. Plaintiff shall include with the request a report showing the timely initiation and pursuit of arbitration pursuant to the charter party and providing the status of the arbitration. In the event such report or application for renewal is not submitted as specified, the order of attachment is vacated, and, there being no other purpose of this lawsuit, the lawsuit is dismissed.

This action shall be unsealed and all documents previously filed in the case shall automatically become part of the public record.


Dated: New York, New York
       February  5 , 2009

                                            SO ORDERED

                                            [signature]
                                            ALVIN K. HELLERSTEIN
                                            United States District Judge