Michael J. Mitchell, P.C.
Attorneys for Plaintiff
PCL (SHIPPING) PTE LTD.
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone: (646) 328-0120
Facsimile: (646) 328-0121
MIMOMA@RCN.COM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PCL (SHIPPING) PTE LTD.,

                     Plaintiff,

  -against-

DREYMOOR FERTILIZERS OVERSEAS PTE LTD.,

                     Defendant.
------------------------------------------------------------X

09-CV 00205 (AKH)

MOTION FOR
LEAVE TO FILE
SUPPLEMENTAL
PLEADING

*[Handwritten endorsement]: The motion and issues will be discussed in the context of a ruling on def't's motion to vacate the attachment. Furthermore, a pleading in this court is not the right venue to present issues in a London arbitration. [Signed] 2/8/10*

*[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: DATE FILED: 2/8/10]*

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING

Pursuant to Federal Rule of Civil Procedure 15(d), the Plaintiff, PCL (Shipping) Pte. Ltd., hereby moves this Court seeking leave to file a supplemental pleading in this action, specifically a Supplemental Complaint seeking declaratory relief, in the form attached as Exhibit A to this Motion.

### BACKGROUND

Plaintiff, in its Opposition to Defendant's Motion to Vacate, requested that the Court issue a declaratory judgment that the underlying attachment was not wrongful and that Defendant is not entitled to damages as a result thereof.

In its Reply, Defendant alleges that the declaratory judgment request is inappropriately made, inviting Plaintiff to file a supplemental pleading. Given that Defendant raised its initial

claim and has actual notice of the relief Plaintiff seeks, Defendant will not be unfairly prejudiced should the Court grant Plaintiff's request, and the Court is not precluded under any rule from doing so.

## ARGUMENT

**I.  RULE 15(d) ALLOWS FOR A SUPPLEMENTAL PLEADING TO INTRODUCE RELATED FACTS AND CAUSES OF ACTION AFTER THE DATE OF THE COMPLAINT.**

Federal Rule of Civil Procedure 15(d) states that "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Plaintiff seeks a declaratory judgment that the underlying attachment in this Rule B action was not wrongful.

The reason for this request is that Defendant has made a wrongful attachment claim in the London arbitration. Defendant alleges damages of $725,000 in the wrongful attachment claim made in the London arbitration.

Defendant has incorrectly stated the legal standard for a finding of wrongful attachment, and it is unlikely that the London arbitrators have experience handling wrongful attachment claims under US law. Plaintiff PCL has therefore objected to the application in arbitration, as surely the only appropriate place to determine whether an attachment was wrongful is before this Honorable Court.

Defendant's wrongful attachment claim was made subsequent to this Court having issued a Rule B writ of attachment. Plaintiff therefore submits that this request for declaratory relief is more properly a supplemental rather than an amended pleading (Plaintiff could amend its present complaint as of right if the Court determines that is the more appropriate course of action and

respectfully prays that the Court construe the Supplemental Pleading as an amendment if justice so requires) and therefore makes this application under FRCP 15(d).

Plaintiff submits that declaratory judgment is appropriate under Rule 57 of the Federal Rules of Civil Procedure as this Honorable Court has the entire record of the Rule B proceedings before it. The issue between the parties with respect to the alleged wrongful attachment is uniquely within the purview of this Court and is ripe for adjudication given the live dispute submitted to the London arbitration panel. The London arbitration panel would have no familiarity with United States law concerning wrongful attachments. It is clear that Dreymoor challenges this Court's approval of the Rule B petition: thus, it is particularly appropriate for this Honorable Court to decide whether Defendant's claims for wrongful attachment are meritorious.

## II. DEFENDANT'S CLAIMS OF WRONGFUL ATTACHMENT ARE GROSSLY OVERSTATED AND SHOULD BE ADJUDICATED IN THE PROPER FORUM.

A wrongful attachment transpires in a number of ways, including where plaintiff attaches the funds of an improper party or where plaintiff attaches an excessive amount of funds. Here, even though the attached amount was originally too high, courts recognize that "because pre-judgment attachments are usually based upon reasonable estimates and not precise facts, parties often attach amounts which are later deemed excessive in light of changes in circumstances." *Dongbu Express Co., Ltd. v. Navios Corporation*, 944 F.Supp. 235, 237 (S.D.N.Y. 1996).

The remedy for an excessive attachment is a reduction in the amount of funds being held by garnishees. In the instant matter, Plaintiff immediately notified the Court and the bank holding the funds of the incorrect attachment, as described at length in the Declaration of Michael J. Mitchell (attached as Exhibit 1 to the Supplemental Complaint). To remedy the situation, Plaintiff immediately directed the release of the excess funds and then sought and received an amended order of attachment from the Court reflecting the proper amount of

attachment and served that amended order on the banks. Plaintiff's conduct does not rise to a level where it would be liable for damages for wrongful attachment because Defendant cannot prove that Plaintiff was at any time acting with "bad faith, malice, or gross negligence." *OGI Oceangate Transp. Co. Ltd. v. RP Logistics Pvt. Ltd.*, 2007 WL 2900225, at *3 fn.3 (S.D.N.Y. 2007) (citing *Result Shipping Co., Ltd. v. Ferruzzi Trading USA Inc.*, 56 F.3d 394, 402 n.5 (2d Cir.1995); see also *Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 344 (2d Cir. 1986).

The alleged "wrongful" nature of the attachment, *see Mitchell Decl.* ¶ 5, is clearly a federal question since it is based on maritime law and the application of Rule B. The nature of the controversy raised by Defendants satisfies the requirements of *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007): that the dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests." *Id.* Plaintiff's request is ripe because Defendant has raised allegations regarding the nature and quality of the Rule B attachment granted by this Court. *See Mitchell Decl.* ¶ 5. Furthermore, given the instant proceeding, the resolution of this matter within the Court's specific knowledge and expertise is clearly superior to that of any foreign arbitrator asked to review the decision of this Court made many months earlier.

Plaintiff submits that Defendant's claims are without merit. When Defendant notified Plaintiff that it had in fact made partial payment of the amounts outstanding,[1] Plaintiff immediately took steps to release the attached funds. Plaintiff was not advised until several months later that some of the funds had not been released by the banks in a timely fashion. The release of the funds is an issue between Defendant and the garnishee banks. Plaintiff took all

---

[1] In the referenced bank transfer. Defendant had apparently misidentified the vessel to which the payment was to be applied.

4

reasonable steps to specifically authorize the release of excess funds as soon as it became apparent that the claim was over-secured.

Because Defendant's claim is so far beyond the controlling law, outside the scope of the arbitration, and directly challenges the proceedings before, and rulings of, this Court, the appropriate, convenient, and only proper forum for this action is before this Court.[2]

Plaintiff respectfully requests the Court issue a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, that the attachment of Defendant's funds was not wrongful. The London arbitration panel does not have jurisdiction over the alleged wrongful attachment claim, and this Court has direct knowledge and experience with the facts and the law. Further, Defendant is limited to bringing the wrongful attachment claim in New York before this Honorable Court and has failed to do so. Given the likelihood that the London arbitration panel will not be familiar or experienced with wrongful attachment claims under U.S. federal maritime law and the practices and procedures of this Court, Plaintiff respectfully requests that this Court issue an Order determining that the attachment in this matter was a valid maritime attachment made in full compliance with the law and procedures of the Court. The attachment was made in good faith based on then-existing law, *i.e.*, pre-*Jaldhi* and *Hawknet*. The arbitration submissions by Dreymoor have indicated that the dispute under the charter involves the **amount** of the claim between owners and charterers as opposed to the **validity** of the claim. This admission by itself should dispose of Defendant's wrongful attachment argument.

---

[2] It cannot be disputed that if Plaintiff were instead to file a separate action seeking declaratory relief, it would be deemed a related action and immediately assigned to this Court because of (a) a substantial saving of judicial resources, (b) the just, efficient, and economical conduct of the litigations, and (c) the convenience of the parties and witnesses, each of which would favor resolution before this Court over assignment to any other Judge in this District, consistent with the principles of Rule 15 of the Southern District's Local Rules for the Division of Business Among District Judges.

WHEREFORE, Plaintiff prays that this Court grant leave to file the a supplemental pleading in the form of the attached Supplemental Complaint and for such other, further, and different relief as this Court deems reasonable, fair, and just.

Dated: New York, New York
       February 2, 2010

Michael J. Mitchell, P.C.
Attorneys for Plaintiff
PCL (SHIPPING) PTE LTD.

*/s/ Michael J. Mitchell*
Michael J. Mitchell
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:  (646) 328-0120
Facsimile:  (646) 328-0121
MIMOMA@RCN.COM